993 F.2d 1538
 144 L.R.R.M. (BNA) 2616
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
PRO/TECH SECURITY NETWORK, Respondent.
 No. 92-2341.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1993
Decided: June 8, 1993
 
 On Application for Enforcement of an Order of the National Labor Relations Board. (11-CA-14209, 11-RC-5740)
 John Emand Arbab, National Labor Relations Board, Washington, D.C., for Petitioner.
 Brinkley Autry Faulcon, Penny & Barnes, Elizabeth City, North Carolina, for Respondent.
 Jerry M. Hunter, General Counsel, Yvonne T. Dixon, Acting Deputy General Counsel, Nicholas E. Karatinos, Acting Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Howard E. Perlstein, Supervisory Attorney, National Labor Relations Board, Washington, D.C., for Petitioner.
 Ronald G. Penny, Penny & Barnes, Elizabeth City, North Carolina, for Respondent.
 NLRB
 ENFORCEMENT GRANTED.
 Before ERVIN, Chief Judge, and NIEMEYER and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 The question presented is whether substantial evidence supports the National Labor Relations Board's ("Board") determination that respondent Pro/Tech Security Network ("Pro/Tech") committed unfair labor practices under sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act ("Act"), codified at 29 U.S.C. § 158(a)(1), (3). The issues were tried before an Administrative Law Judge ("ALJ") in May 1991. The ALJ rendered an exhaustive decision on September 24, 1991, finding that Pro/Tech had violated sections 8(a)(1) and 8(a)(3) of the Act. Pro/Tech filed exceptions with the Board. The Board subsequently affirmed the ALJ's findings of fact and conclusions of law, and adopted the ALJ's recommended order as its own.
 
 
 2
 In summary, the Board found (1) that Pro/Tech violated section 8(a)(1) of the Act by coercively interrogating its employees concerning their union activities, sympathies, and desires; and (2) that Pro/Tech violated sections 8(a)(1) and 8(a)(3) of the Act by demoting employees Hassie Reynolds and Edwin Desiderio and by thereafter discharging Reynolds.
 
 
 3
 The Act requires us to treat as conclusive any of the Board's findings of fact that are supported by substantial evidence on the record considered as a whole. See 29 U.S.C. § 160(e)-(f); National Posters, Inc. v. NLRB, 885 F.2d 175, 178 (4th Cir. 1989), cert. denied, 494 U.S. 1026 (1990). A reviewing court should not displace the Board's choice between two fairly conflicting views of the evidence "even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also NLRB v. Frigid Storage, Inc., 934 F.2d 506, 509 (4th Cir. 1991) (identifying and applying Universal Camera standard of review). Determinations of credibility made by the ALJ and adopted by the Board may be disturbed only when extraordinary circumstances exist, such as the ALJ's acceptance of testimony that, on its face, is unbelievable. J. Huizinga Cartage Co. v. NLRB, 941 F.2d 616, 621 (7th Cir. 1991).
 
 
 4
 Our careful review of the record, the ALJ's recommended findings of fact, and the arguments of counsel discloses that substantial evidence supports the Board's finding that Pro/Tech violated sections 8(a)(1) and 8(a)(3) of the Act by interrogating, demoting, and discharging its employees because they engaged in protected union activities. Accordingly, we order the enforcement of the Board's order of August 31, 1992 forthwith.
 
 ENFORCEMENT GRANTED